[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN JUDGMENT TO ADD OFFER OF JUDGMENT INTEREST PURSUANT TO CONNECTICUT GENERAL STATUTES § 52-192a
The plaintiff in this matter has moved to reopen the judgment for the purpose of the calculation of Offer of Judgment interest pursuant to the provisions of § 52-192a of the Connecticut General Statutes.
Section 52-192a (b) provides in pertinent part that:
 After trial the court shall examine the record to determine whether the plaintiff made an "offer of judgment" which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his "offer of judgment", the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the "offer of judgment" was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the "offer of judgment" was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action.
The Court has examined the file pursuant to Section 52-192a of the Connecticut General Statutes and has determined that the Complaint in the instant action was filed on July 8, 1997. An Offer of Judgment was filed on May 27, 1998. The Offer of Judgment was filed within eighteen (18) months of the filing of the complaint. Said motion provides that the plaintiff offered to take judgement in the amount of one million dollars CT Page 5423 ($1,000,000.00).
After the completion of the trial of this matter the jury rendered a verdict of three million six hundred thousand dollars ($3,600,000.00). The verdict rendered is in excess of the amount in the Offer of Judgment.
Applying a simple interest rate of twelve percent (12%) per annum and using an accounting year consisting of three hundred and sixty days (360), the per diem on the aforementioned amount is one thousand two hundred dollars ($1,200.00) or four hundred thirty two thousand dollars per year ($432,000.00).
The date of the verdict in this matter was November 29, 2001. A total of one thousand six hundred and five (1,605) days passed since the filing of the instant action and the rendering of a verdict. The total interest as of the date of the verdict was one million nine hundred twenty six thousand dollars ($1,926,000.00).
A total of one thousand seven hundred and seventeen days (1,717) passed between the filing of the complaint and the date of the motion to reopen, (March 21, 2002) therefore as of that date the interest due on the judgment was two million sixty thousand four hundred dollars ($2,060,400.00).
As of today's date, a total of one thousand seven hundred and fifty days (1,750) have passed since the filing of the Complaint in this matter. The total interest as of today is therefore two million one hundred thousand dollars, ($2,100,000.00) this amount, plus the aforementioned verdict amount equals a total of five million seven hundred thousand dollars ($5,700,000.00).
The Plaintiff's motion to reopen the judgment is granted. Final judgment may enter in the amount of five million seven hundred thousand dollars ($5,700,000.00).
Richard A. Robinson, J April 23, 2002